# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ROBERT REGAN,<br><br>　　　Plaintiff,<br><br>v.<br><br>GENERAL REVENUE CORPORATION,<br><br>　　　Defendant. | Case No. 1:18-cv-00082<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Robert Regan ("Robert"), is a natural person who resided in West Paris, Maine, at all times relevant to this action.

2. Defendant, General Revenue Corporation ("GRC"), is an Ohio corporation that maintained its principal place of business in Mason, Ohio, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, GRC collected consumer debts.

6. GRC regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of GRC revenue is debt collection.

8. GRC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, GRC contacted Robert to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Robert is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Within the past twelve months, GRC began calling Robert on his cellular phone in connection with the collection of a debt.

13. On or around February 6, 2017, GRC telephoned Robert at Robert's place of employment and spoke with a co-worker who informed GRC that Robert was not there.

14. On or around February 7, 2017, GRC telephoned Robert's son-in-law ("Son-in-law") and left a voice message with a phone number for Robert to call back.

15. Subsequently, on more than one occasion, GRC telephoned Robert's brother ("Brother") on Brother's cellular phone.

16. On more than one occasion, GRC provided Brother with a phone number for Robert to call back.

17. At the time of these communications, GRC already had Robert's location information.

18. GRC's collection efforts, including but not limited to its telephone calls, caused Robert emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

19. GRC's collection efforts also intruded upon Robert's privacy.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Robert re-alleges and incorporates by reference Paragraphs 12 through 19 above as if fully set forth herein.

21. GRC violated 15 U.S.C. § 1692c(b) by communicating with a third party in connection with the collection of the debt without Robert's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Robert re-alleges and incorporates by reference Paragraphs 12 through 19 above as if fully set forth herein.

23. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

24. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

25. The likely effect of GRC's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Robert.

26. GRC violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Robert in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Robert re-alleges and incorporates by reference Paragraphs 12 through 19 above as if fully set forth herein.

28. GRC violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

29. Robert demands a trial by jury.

## PRAYER FOR RELIEF

30. Robert prays for the following relief:

    a. Judgment against GRC for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: February 5, 2018

By:  /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq. (Ohio Bar No. 0079315)
Attorney for Plaintiff
HYSLIP & TAYLOR, LLC, LPA
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com